UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MARGARET GIBBS WATKINS | CIVIL ACTION NO. 3:19cv00635 |
| VERSUS | JUDGE: deGRAVELLES |
| SID GAUTREAUX, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS EAST BATON ROUGE PARISH SHERIFF | MAGISTRATE-JUDGE: DOOMES |

### SECOND AMENDED COMPLAINT

The Complaint of Margaret Gibbs Watkins, a resident of the full age of majority of East Baton Rouge Parish, Louisiana, respectfully represents:

1.

Jurisdiction is found herein pursuant to 28 U.S.C. §1331 as this matter involves a federal question and pursuant to 28 U.S.C. §1367 affording supplemental jurisdiction over Petitioner's claims arising under state law. Venue is proper as the incident sued upon herein occurred within this judicial district.

2.

The defendants enumerated below are justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's fees, all costs of these proceedings, legal interest thereon from the date of demand until paid, and all such other relief to which Petitioner is entitled at law or in equity:

1. Sid Gautreaux, individually and in his official capacity as East Baton Rouge Parish Sheriff (hereinafter "Gautreaux" and/or "EBRSO"), domiciled in East Baton Rouge Parish, Louisiana.

2. James Morgan Hammett (hereinafter "Hammett"), individually and in his official capacity as a former deputy/employee of the East Baton Rouge Parish Sheriff's Office.

3.

Petitioner was married to Melvin Watkins on January 25, 1995. She and Mr. Watkins resided together and were domiciled in East Baton Rouge Parish, Louisiana.

4.

On September 14, 2019, Petitioner and her family members were present at a birthday party for her 95-year-old aunt at 16733 Highland Club Avenue, Baton Rouge, Louisiana. At approximately 3:45 p.m., Petitioner's husband, Mr. Watkins, arrived at the party, but began to have a verbal disagreement with one of the party attendees. The host of the party asked Mr. Watkins to leave and Mr. Watkins initially refused. Thereafter, another party attendee telephoned 911 requesting the presence of an officer to escort Mr. Watkins from the residence.

5.

Thereafter, Mr. Watkins voluntarily removed himself from the residence and headed toward his car parked at least two (2) houses down on Highland Club Avenue facing toward the exit to the subdivision. Mr. Watkins then got into his car and Petitioner, his wife, followed him to his car.

6.

As Mr. Watkins was in the process of pulling away from the curb, Hammett arrived in his police unit and briefly spoke with a few of Petitioner's family members who were standing in the driveway of the residence.

7.

At no time was Mr. Watkins threatening toward defendant Hammett, took no action toward defendant Hammett, and was completely unarmed. In fact, Mr. Watkins was in his car, with the windows rolled up, and was not engaging with anyone. He was simply leaving as requested.

8.

Nonetheless, less than nine (9) seconds after arriving at the residence and upon exiting his vehicle, said defendant officer fired two (2) shots through the front windshield of Mr. Watkins' car, striking him in the chest. As a result of the gun blasts, upon information and belief and therefore Petitioner alleges, Mr. Watkins' lost control of his lower extremities causing his foot to depress the accelerator of his car. Thereafter, said defendant officer fired at least three (3) more shots into Mr. Watkins from the driver's side of the car. Ultimately, Mr. Watkins' car careened out of control down the street, struck mailboxes, flipped over, and came to rest in the front yard of a residence after hitting a car in the driveway.

9.

The East Baton Rouge Coroner has determined Mr. Watkins' death to be a homicide and the cause of death to be due to multiple gunshot wounds of the chest and upper extremities.

10.

At no time did Mr. Watkins provoke defendant Hammett and Petitioner submits defendant Hammett was the direct and legal cause of the wrongful death of her husband. At no time did defendant Hammett possess either probable or reasonable cause to shoot Mr. Watkins or to employ deadly force toward Mr. Watkins.

11.

Petitioner shows that given the less than nine (9) second lapse between the time said defendant officer exited his vehicle and fired his first shots into the chest of Mr. Watkins demonstrates that the officer's actions were in wanton and reckless disregard for the rights of Mr. Watkins. In fact, in addition to common sense, the undersigned has consulted with several law enforcement veterans and experts in Peace Officers Standards and Training ("POST") who have indicated that based upon all available public information (i.e. witness statements, video, media reports, etc.) there is at this time, this shooting was not objectively reasonable. Moreover, had defendant Hammett been properly trained and supervised, he would or should have known how to properly assess the situation and utilize force continuum standards.

12.

Petitioner shows that defendants, Gautreaux and said defendant officer, were, at all times, "persons acting under color of law" within the meaning and intent of 42 U.S.C. §1983. At all times pertinent hereto, Mr. Watkins enjoyed clearly established rights to due process guaranteed pursuant to the 5th and 14th Amendments to the United States Constitution, clearly established rights against cruel and unusual punishment guaranteed pursuant to the 8th Amendment to the

United States Constitution, clearly established rights to life, liberty, and the pursuit of happiness guaranteed pursuant to the 14th Amendment to the United States Constitution.

13.

The EBRSO has a history of excessive force and unconstitutional arrests, particularly against African-Americans. More recently, allegations of excessive force and unconstitutional arrests leveled against EBRSO and Gautreaux have included multiple instances of excessive force through the inappropriate use of tasers, unconstitutional use of pepper spray, and punching and kicking arrestees without justification. The allegations are documented in the following non-exhaustive list of cases: *Davis v. East Baton Rouge Sheriff's Office*, Civil Case No. 08-00708 (M.D. La.) (resolved in private settlement); *Martinez v. Gautreaux*, Civil Case No. 10-00847 (M.D. La.) (resolved in private settlement); *Plaisance v. East Baton Rouge Sheriff's Office*, Civil Case No. 16-00365 (M.D. La.) (resolved in private settlement); and *Mitchell v. Gautreaux*, Civil Case No. 16-00722 (M.D. La.) (resolved in private settlement).

14.

Petitioner shows, upon information and belief and therefore alleges, that defendant Gautreaux, individually and in his official capacity as Sheriff, failed to properly screen for hire, adequately train and supervise defendant Hammett and that his failure to properly screen for hire, supervise, and to adequately train defendant Hammett regarding the use of deadly force amounts to a violation of Mr. Watkins' clearly established rights and that defendant Gautreaux is thus liable unto Petitioner pursuant to 42 U.S.C. §1983 for which Petitioner sues for herein.

15.

As to the defendant Gautreaux' liability, upon information and belief, defendant Hammett was employed as a police officer by the Louisiana Department of Public Safety and Corrections ("DPS") prior to being hired by defendant Gautreaux. Petitioner is informed, and therefore alleges, that defendant Hammett was allowed to resign from DPS in lieu of termination amid an internal affairs investigation into complaints of excessive force and control of temper. Accordingly, Petitioner submits that defendant Hammett should never have been hired by defendant Gautreaux.

16.

In addition, other indicia of the failure of defendant Gautreaux to properly screen, train, and supervise defendant Hammett following the wrongful death of Petitioner's husband exist. Following the unlawful killing of Petitioner's husband, defendant Hammett resigned from the EBRSO amid an internal affairs investigation into a photograph taken and disseminated by a fellow deputy, depicting a tear drop tattoo on his face, which are common among gang members who have served time in prison and/or taken another's life. Petitioner submits that this shows deputy Hammett's callous disregard for her husband's death, and his duties and lack of judgment as a sheriff's deputy.

17.

Petitioner shows that the actions of said defendant officer set forth herein violated Mr. Watkins' clearly established rights and that said defendant officer is thus liable unto Petitioner pursuant to 42 U.S.C. §1983.

18.

Petitioner shows that the actions of said defendant officer constituted the torts of assault and battery for which she sues for herein and, further, that defendant Gautreaux who, at all times, employed said defendant officer, is vicariously liable for the torts committed by said defendant officer in the course and scope of his employment.

19.

Petitioner shows that said defendant Hammett caused, upon information and belief and therefore Petitioner alleges, extreme pain, terror, and anguish to Mr. Watkins prior to his death and that said defendant officer is liable for the survival action on behalf of Mr. Watkins to Petitioner. Defendant Gautreaux, who, at all times, employed said defendant officer, is vicariously liable for the survival action on behalf of Mr. Watkins to Petitioner. *La. C.C. Art. 2315.1.*

20.

Petitioner shows that said defendant Hammett caused the wrongful death of Mr. Watkins and that said defendant officer is liable for the wrongful death of Mr. Watkins to Petitioner. Defendant Gautreaux, who, at all times, employed said defendant officer, is vicariously liable for the wrongful death of Mr. Watkins to Petitioner. *La. C.C. Art. 2315.2.*

21.

Petitioner shows that as a result of the incidents set forth herein, Mr. Watkins, her husband, sustained damages which include, but are not limited to, severe and extreme pain and

suffering, terror, anguish, death, final expenses, lost wages and benefits, and all such other damages as will be more fully shown at trial and for which Petitioner sues for herein.

22.

Petitioner sustained damages, including loss of consortium, services, and society with her husband for which she also sues for herein. *La. C.C. Art. 2315(B).*

23.

Furthermore, Petitioner being present and having witnessed the horrific shooting death of her husband has sustained direct damages for mental anguish and emotional distress. *La. C.C. Art. 2315.6.*

24.

Petitioner shows that the defendants acted in wanton and reckless disregard for the clearly established rights of Mr. Watkins and Petitioner, his surviving spouse, and are thus liable for punitive damages as allowed by law pursuant to 42 U.S.C. §1983.

25.

Petitioner is entitled to and desires an award of attorney's fees pursuant to 42 U.S.C. §1988.

26.

Petitioner is entitled to and desires all such other relief to which she is entitled at law or in equity.

27.

Petitioner further shows that the filing of this Second Amended Complaint was necessitated by defendant Gautreaux' repeated refusal to identify defendant Hammett as the shooter in this case. Petitioner only learned of the actual identity of defendant Hammett through media reporting on October 17, 2019.

WHEREFORE, Petitioner prays after due proceedings are had that there be Judgment herein in her favor and against defendants, Sid Gautreaux, individually and in his official capacity, and James Hammett, individually and in his official capacity, jointly and in solido as allowed by law, for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's fees, all costs of these proceedings, legal interest thereon from the date of demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

Respectfully submitted:

/s/ Aidan C. Reynolds
**AIDAN C. REYNOLDS, T.A.**
Louisiana Bar Roll No. 23269
Post Office Box 5165
Baton Rouge, Louisiana 70821
Telephone:    (225) 383-5080
Facsimile:    (225) 389-0021
aidanreynolds@bellsouth.net

*Counsel for Petitioner.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of December 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participant(s) by United States Mail, properly addressed, and postage pre-paid.

/s/ Aidan C. Reynolds