## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARGARET GIBBS WATKINS** | **CIVIL ACTION NO.: 3:19-cv-00635** |
| **VERSUS** | **JUDGE: JOHN W. deGRAVELLES** |
| **SID GAUTREAUX, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS EAST BATON ROUGE PARISH SHERIFF** | **MAGISTRATE JUDGE: ERIN WILDER-DOOMES** |

## REPLY MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS SECOND AMENDED COMPLAINT

**MAY IT PLEASE THE COURT:**

Defendant James Morgan Hammett, individually and in his official capacity as a deputy for the East Baton Rouge Parish Sheriff (hereinafter sometimes referred to as "Deputy Hammett"), files this reply memorandum in support of his Motion to Dismiss Second Amended Complaint[1] to address certain arguments, or lack thereof, made by the plaintiff in her opposition memorandum[2] filed on May 1, 2020.

**A. Plaintiff has failed to state a Section 1983 claim against Deputy James Morgan Hammett in his official capacity.**

Plaintiff did not address Deputy Hammett's arguments for dismissal of the Section 1983 official capacity claim against him. As a matter of law, Plaintiff has waived any opposition.

Under this Court's local rules, M.D. La. LR7(f), a respondent opposing a motion must file a response containing the reasons in opposition and a citation of authorities to which he relies. In

---
[1] Doc. 30
[2] Doc. 33

light of this Court's local rules, Plaintiff's failure to address this argument should be deemed a concession. *Barlow v. Safety Nat.Cas. Corp.,* 2014 WL 1327922 (M.D. La. 2014) ft. 4.

"The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal." *JMCB, LLC v. Bd. of Commerce & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (citing *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n. 10 (S.D. Tex. 2003)); *see also United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010) (defendant's failure to offer any "arguments or explanation ... is a failure to brief and constitutes waiver"). "By analogy, failure to brief an argument in the district court waives that argument in that court." *JMCB*, 336 F. Supp. 3d at 634 (quoting *Magee*, 261 F. Supp. 2d at 748 n. 10); *see also Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." (citations omitted)); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

**B. Plaintiff has failed to state a Section 1983 claim against Deputy James Morgan Hammett in his individual capacity.**

Plaintiff did not address Deputy Hammett's arguments for dismissal of Plaintiff's Section 1983 individual capacity claims against him for violating Mr. Watkins' rights to due process guaranteed by the 5th and 14th Amendments to the United States Constitution, rights against cruel and unusual punishment guaranteed by the 8th Amendment to the United States Constitution, and rights to life, liberty, and the pursuit of happiness guaranteed by the 14th Amendment to the United States Constitution. As a matter of law, Plaintiff has waived any opposition. See *JMCB, LLC v.*

*Bd. of Commerce & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) ("The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal. By analogy, failure to brief an argument in the district court waives that argument in that court." (citations and internal quotations omitted) ).

As set forth in the Memorandum in Support of Motion To Dismiss Second Amended Complaint, Plaintiff has failed to state a Section 1983 claim under the 4th Amendment for use of deadly force, and even if she had, Deputy Hammett is entitled to qualified immunity. Plaintiff herein makes conclusory allegations with no factual predicate for her conclusion that Deputy Hammett did not possess probable or reasonable cause to shoot Mr. Watkins or employ deadly force toward Mr. Watkins.[3] She did not plead any facts regarding the decedent's own conduct or any other factors relating to the circumstances leading to and surrounding the alleged deadly force, except to generally deny that Mr. Watkins took any threatening action toward Deputy Hammett, apparently under the presumption that Hammett was not a suspect for arrest and not being detained for an investigation and the argument that driving a motor vehicle directly at someone is not threatening. Plaintiff did not plead sufficient facts to overcome Deputy Hammett's defense of qualified immunity. Therefore, even if Plaintiff had alleged a violation of Mr. Watkins' rights under the Fourth Amendment, those claims should be dismissed. For the same reasons, Plaintiff's State law claims should also be dismissed.

### C. Conclusion

For all of the foregoing reasons and for the reasons set forth in the Memorandum in Support of Motion to Dismiss Second Amended Complaint, James Morgan Hammett, individually and in his official capacity as a deputy for the East Baton Rouge Parish Sheriff, prays that after all due

---

[3] See Doc. 21, ¶ 10.

proceedings be had, this Motion to Dismiss Second Amended Complaint be granted, and Plaintiff's claims against him be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted:

**ERLINGSON BANKS, PLLC**

*s/Tara L. Johnston*
MARY G. ERLINGSON (#19562)
TARA L. JOHNSTON (#28100)
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70801
Telephone: (225) 218-4446
Facsimile: (225) 246-2876
tjohnston@erlingsonbanks.com
*Counsel for Defendant, James Morgan Hammett*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of May, 2020, a true and correct copy of the foregoing Reply Memorandum in Support of Motion to Dismiss Second Amended Complaint was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to counsel of record.

Baton Rouge, Louisiana, this 15th day of May, 2020.

*s/Tara L. Johnston*
Tara L. Johnston